# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALIGHT SOLUTIONS LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:17-cv-7112 |
| ALIGHT, INC., | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

Plaintiff Alight Solutions LLC ("Alight Solutions"), by its attorneys Kirkland & Ellis LLP, makes this Complaint for Declaratory Judgment against Defendant Alight, Inc. ("Defendant").

## NATURE OF THE ACTION

1. Alight Solutions brings this declaratory judgment action in response to allegations by Defendant that Alight Solutions' use of the trademarks ALIGHT, ALIGHT SOLUTIONS, ALIGHT FINANCIAL SOLUTIONS and ALIGHT FINANCIAL ADVISORS (collectively, the "Alight Solutions Marks") conflicts and is likely to cause confusion with Defendant's use of its trademark ALIGHT and related ALIGHT-formative marks.

2. Defendant should not be permitted to monopolize the term "alight" where, among other things, the parties' businesses are fundamentally different, their respective consumers are highly sophisticated and engage in an in-depth procurement process prior to entering into a business relationship with either of the parties, and third parties have been using the term "alight" for financial services without giving rise to any conflict with Defendant.

3. Accordingly, Alight Solutions seeks an order from this Court declaring that its use of the Alight Solutions Marks does not infringe any of Defendant's claimed rights in the trademark ALIGHT or any ALIGHT-formative marks.

## THE PARTIES

4. Plaintiff Alight Solutions is an Illinois limited liability company with its primary place of business located in Lincolnshire, Illinois.

5. Upon information and belief, Defendant is a Delaware corporation located in San Francisco, California. Upon information and belief, Defendant has directed activities at or purposefully availed itself of the privilege of conducting business in the State of Illinois.

## JURISDICTION AND VENUE

6. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. § 1051 et seq.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202 because there is a substantial and concrete controversy between the parties of sufficient immediacy that warrants a declaratory judgment. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), in that this matter involves an action arising under the Lanham Act.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Alight Solutions' claims occurred in this District.

## FACTUAL BACKGROUND

**A.  Alight Solutions' Business and Marks**

9. Alight Solutions provides human resources outsourcing and employee benefit administration products and services to sophisticated business clients and, by extension, those

companies' employees.

10. Formerly part of Aon plc, Alight Solutions has been using the name "Alight Solutions" and the trademark ALIGHT since June 6, 2017, in connection with its human resources and employee benefits outsourcing services.

11. Alight Solutions has expended, and continues to expend, significant resources in connection with its ongoing rebranding effort. For example, as part of the rebranding effort Alight Solutions developed and adopted a distinctive new stylized logo: **alight**. It also launched a new website for which it purchased the domain names www.alight.com and www.alightsolutions.com from third parties; both domain names now direct users to Alight Solutions' home page. Alight also developed a distinctive black, yellow and white color scheme for its new website, as shown in the screen capture below taken from Alight Solutions' home page:



3

12. Also as part of the rebranding effort, Alight Solutions filed the following applications to register the Alight Solutions Marks in the United States:

a. U.S. Application Serial No. 87/403,462, filed April 7, 2017, for ALIGHT, for use in class 9 for "[e]lectronic publications, namely, electronic surveys and reports in the fields of employee benefits, human resources, human capital management and employee compensation; computer software for collecting, storing, processing, transmitting and sharing data in the fields of benefit plan administration, human capital management, employee compensation and business process management and generating reports related thereto; downloadable mobile applications for use in the fields of employee administration and management, human resources management and administration, and administration and management of employee benefit plans"; class 35 for "[o]utsourcing services in the fields of employee benefit plan administration, human capital management, employee compensation and business process management; work force management consultancy and advisory services; providing information related to work force management, employment, human resources and human capital management; consulting services in the field of employee benefit plans administration; data compiling and analyzing in the fields of employee benefits, human capital management, employee compensation, information systems and business process management; providing an Internet website portal in the fields of employee benefits, human capital management, employee compensation, information systems and business process management; conducting business research and surveys in the fields of employee benefits, human capital management, employee compensation and business process management; business consulting services regarding the design, reengineering, integration, management, administration, deployment, configuration, and operation for business transformation systems and software as a

4

service (SAAS) systems for employee benefits, human and talent capital management, human resources, employee compensation and business processes"; class 36 for "[a]dministration and management of employee benefit plans; administration of employee benefit plans; consulting services in the fields of employee benefit and human resources communications providing information in the field of employee benefits plans, human capital management, employee compensation and business processes"; and class 42 for "[n]on-downloadable software for managing employee benefits, human capital management, employee compensation and business processes; software as a service (SAAS) for managing employee benefits, human capital management, employee compensation and business processes; providing an interactive website featuring technology that allows users to access and synthesize information and generate reports regarding employee benefits, employee compensation and retirement planning; providing information in the field of employment and human resources via an online website; design, reengineering, integration, management, administration, deployment, consulting, configuration, and operation of SAAS systems for employee benefits, human and talent capital management, human resources, employee compensation and business processes."

    b. U.S. Application Serial No. 87/518,096, filed July 6, 2017, for ALIGHT FINANCIAL ADVISORS, for use in class 36 for "[f]inancial advisory and consultancy services in the field of employer-sponsored retirement plans; management of employer-sponsored retirement plans."

    c. U.S. Application Serial No. 87/518,103, filed July 6, 2017, for ALIGHT FINANCIAL SOLUTIONS, for use in class 36, for "[s]elf-directed brokerage services for employer-sponsored defined contribution benefit plans, namely, brokerage of investment products for defined contribution benefit plans."

5

13. In addition, Alight Solutions obtained a registration for its ALIGHT trademark in the United Kingdom on September 1, 2017, and has filed applications to register its ALIGHT trademark in Canada, India, and Singapore.

B. **Defendant's Services and Mark**

14. Upon information and belief, Defendant offers cloud-based software as a service ("SaaS") products and services in the financial planning, forecasting, reporting, and decision-analysis areas that companies may use to make strategic business decisions. Upon information and belief, Defendant's customers operate in the mortgage and mining industries.

15. Upon information and belief, Defendant owns U.S. Registration No. 5,062,182 for ALIGHT, for use in (a) class 9 for "[c]omputer program, namely, for business planning and financial reporting," with a claimed first use in commerce date of March 3, 2005, and (b) class 42 for "[s]oftware as a service (SAAS) services, featuring software for business planning and financial reporting," with a claimed first use in commerce date of June 25, 2005.

16. Defendant depicts its ALIGHT mark in a distinctive stylized script: A L I G H T . Defendant's website displays its stylized logo and also uses the same blue and white color scheme as is used for its logo, as shown below:

6



C. **Defendant's Demand Letter**

17. On or about September 13, 2017, Defendant sent Alight Solutions a cease-and-desist letter. In the letter, Defendant alleged that its "current offerings include ALIGHT MORTGAGE SOLUTIONS, which is tailored to the needs of the mortgage banking industry, and ALIGHT MINING SOLUTIONS, which is directed to the global mining industry." See September 13, 2017, letter from J. Addiego III to C. Michalak, a true and correct copy of which is attached hereto as Exhibit A, at 1.

18. Defendant's September 13th letter further alleged that "Alight Solutions' use and registration of ALIGHT, ALIGHT SOLUTIONS, and other ALIGHT-formative marks is likely to cause significant consumer confusion as to the source or affiliation of its products and services," and that Alight Solutions use of the ALIGHT SOLUTIONS Marks "constitutes trademark infringement, false designation of origin, and unfair competition under federal and state laws, including the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a)." Ex. A at 2, 3.

19. Defendant demanded in its September 13th letter that Alight Solutions immediately and permanently cease use of its Alight Solutions Marks, withdraw its pending applications for the Alight Solutions Marks, and discontinue the use of the domain names www.alight.com and www.alightsolutions.com.

20. Defendant threatened that if Alight Solutions did not agree to Defendant's demands, Defendant would "take the actions it deems necessary to protect its rights in the ALIGHT mark."

21. Alight Solutions responded to Defendant on September 27, 2017. In that response, Alight Solutions explained why it believes that the parties' uses of their respective marks do not give rise to a likelihood of confusion. It also stated that it nevertheless wished to resolve the matter amicably, possibly by amending its U.S. Application Serial No. 87/403,462 to eliminate classes 9 and 42, thus addressing any concern that Defendant might have regarding its policing efforts with respect to its own registration.

D. **There Is An Actual Controversy Between The Parties**

22. As the parties' respective websites make clear, they offer very different services. Those differences are reflected in Alight Solution's federal trademark applications, on the one hand, and Defendant's federal trademark registration, on the other hand, in terms of the descriptions of their respective goods and services.

23. Because of the differences between their respective logos, trade dress, and goods and services, as well as the sophistication of their corporate customers, Alight Solutions believes that the parties' respective uses of ALIGHT and ALIGHT-formative marks can coexist in the marketplace without conflict.

24. This conclusion is supported by the existence of other third-party uses of

ALIGHT and ALIGHT-formative marks, including (a) ALIGHT ANALYTICS and design, [alightanalytics logo], U.S. Registration No. 4,775,154, owned by Alight Analytics, for use in class 35 for "[b]usiness monitoring and consulting services, namely, tracking web sites and applications of others to provide strategy, insight, marketing, sales, operation, product design, particularly specializing in the use of analytic and statistic models for the understanding and predicting of consumers, businesses, and market trends and actions" and (b) ALIGHT CAPITAL, U.S. Application Serial No. 86/405,007, owned by Alight Capital Management LP, for use in class 36 for "[h]edge fund investment services; Financial services, namely, operation and management of a hedge fund."

25. Defendant's threat of legal action in its September 13th letter has given rise to uncertainty and controversy with respect to Alight Solutions' rebranding efforts and its ongoing right to use its Alight Solutions Marks. Alight Solutions seeks to resolve this dispute as promptly as possible so it can carry on its business without the hanging threat of litigation.

26. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy caused by Defendant's actions, Alight Solutions is entitled to a declaratory judgment that use of the Alight Solutions Marks does not infringe on any trademark rights Defendant might own.

27. Defendant's assertion that Alight Solutions' use of the Alight Solutions Marks is an infringement of Defendant's trademark rights adversely affects Alight Solutions and unless resolved by the Court the uncertainty and controversy will continue to harm Alight Solutions.

## CAUSE OF ACTION
### Declaratory Judgment of No Infringement
(28 U.S.C. §§ 2201 and 2202, and 15 U.S.C. § 1051 *et seq*.)

28. Alight Solutions incorporates the allegations of paragraphs 1-27 as if set forth fully herein.

29. Alight Solutions' services and Defendant's services are totally unrelated. In particular, the human resources-focused services that Alight Solutions provides are wholly different from, and totally unrelated to, the financial forecasting SaaS services that Defendant provides. Alight Solutions and Defendant also present their respective trademarks in different fonts and using different color schemes, such that the overall commercial impressions of the marks are completely different such that consumer confusion regarding their uses of their respective marks is not likely.

30. Both Alight Solutions and, upon information and belief, Defendant offer their services to large, sophisticated corporate entities that use a high degree of care when selecting a provider of the types of complex customized services that Alight Solutions and Defendant each offer. In particular, the procurement process utilized by Alight Solutions' customers and, upon information and belief, those of Defendant may include formal requests for proposals, engagement of third party advisors, and other rigorous vetting processes. As a result, it is highly unlikely that any such customers will be confused about the source, origin, affiliation, or sponsorship of such services.

31. Furthermore, there are numerous third party uses of ALIGHT that already co-exist with Defendant's use of its ALIGHT and ALIGHT-formative marks, including uses in the financial services industry and the field of business consultation. The ability of these marks to co-exist with Defendant's ALIGHT and ALIGHT-formative marks on the federal trademark registry and in the marketplace shows that the very sophisticated corporate customers consumers

of the services offered by Alight Solutions, Defendant, and others in the financial services industry will look beyond the mere use of the term ALIGHT to differentiate between these various sources.

32. In light of the differences between their uses of their respective marks, including the differences between their respective logos, and websites and the services for which their marks are used, and the fact that other third-party uses have co-existed and continue to co-exist with Defendant's use without conflict, it is clear that Alight Solutions' use of the Alight Solutions Marks is not likely to cause confusion or mistake as to the source or affiliation of its products and services, or confuse consumers into believing that Alight Solutions' services are sponsored or endorsed by Defendant.

33. Because Defendant has threatened to take legal action to prevent Alight Solutions from using its Alight Solutions Marks, notwithstanding the fact that Defendant cannot show the existence of a likelihood of confusion between the parties' marks on the part of relevant consumers, Alight Solutions is entitled to a declaratory judgment of non-infringement as to its Alight Solutions Marks.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Alight Solutions prays for relief against Defendant and respectfully requests that the Court:

a. Declare that Alight Solutions' use of the Alight Solutions Marks does not infringe any trademark or other rights held by Defendant;

b. Award to Alight Solutions its reasonable attorneys' fees, expenses and costs in this action; and

      c.      Award to Alight Solutions such other and further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure 38(b), Alight Solutions herby demands trial by jury on all issues so triable.

Dated: October 2, 2017

/s/ Jordan M. Heinz
Jordan M. Heinz (ARDC No. 6286377)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200
jordan.heinz@kirkland.com

Dale M. Cendali (*pro hac vice* admission pending)
Claudia Ray (*pro hac vice* admission pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Fax: (212) 446-6460
dale.cendali@kirkland.com
claudia.ray@kirkland.com

*Attorneys for Plaintiff Alight Solutions LLC*