# EXHIBIT A



Suite 800
505 Montgomery Street
San Francisco, CA 94111-6533

**Joseph E. Addiego III**
415.276.6515 tel
415.276.4815 fax

joeaddiego@dwt.com

September 13, 2017

*Via US Mail and Email (chris.michalak@aonhewitt.com)*

Chris Michalak
Chief Executive Officer
Alight Solutions LLC
4 Overlook Point
Lincolnshire, IL  60069

Re:   Trademark Infringement by Alight Solutions LLC

Dear Mr. Michalak:

We represent Alight, Inc. ("Alight") in intellectual property matters.  Alight is the owner of the trademark ALIGHT® for use in connection with cloud-based, real-time, financial planning and reporting, forecasting, and decision-analysis products. Alight is the owner of federal trademark Registration No. 5,062,182, for its ALIGHT® mark, a copy of which is enclosed for your reference.

Alight has been providing financial planning, forecasting, reporting, and decision-analysis application software since 2005. Alight's cloud-based financial forecasting solutions are industry-specific, built on Alight's proprietary platform, and help customers make critical business decisions about the financial future of their businesses. Its current offerings include ALIGHT MORTGAGE SOLUTIONS, which is tailored to the needs of the mortgage banking industry, and ALIGHT MINING SOLUTIONS, which is directed to the global mining industry. With the assistance of a Series A round of funding by investors including Caterpillar Venture Capital Inc. and a consortium of noted Bay Area tech investors, Alight is poised to accelerate its products into a number of new industry verticals including asset management, insurance, pharmaceutical and many other industries. You can find additional information on Alight's products and services online at www.alightinc.com.

It has come to our attention that your company, formerly known as Hewitt Associates LLC d/b/a Aon Hewitt, recently launched a rebranding of its cloud-based health, wealth HR and finance solutions business to "Alight Solutions" and is now making prominent use of the ALIGHT mark in its branding and promotional materials. In addition to changing its name to Alight Solutions,

Chris Michalak
Alight Solutions LLC
September 13, 2017
Page 2

LLC, your company has, among other things, acquired the domain name <alight.com> from an online clothing retailer and begun using it (together with the <alightsolutions.com> domain) to host a website that prominently features the ALIGHT mark to promote your cloud-based HR and financial solutions.



*See, e.g.,* Exhibit A.  Alight Solutions has also filed applications with the U.S. Patent and Trademark Office to register the marks ALIGHT, ALIGHT FINANCIAL SOLUTIONS and ALIGHT FINANCIAL ADVISORS in connection with, among other things, non-downloadable software and software as a service (SAAS) in International Class 42.  *See* U.S. App. Ser. Nos. 87/403,462, 87/518,096, 87/518,103.  Alight Solutions filed these applications despite the prior existence of our client's federal registration for the ALIGHT® mark for SAAS services in Class 42.

Alight Solutions' use and registration of ALIGHT, ALIGHT SOLUTIONS, and other ALIGHT-formative marks is likely to cause significant consumer confusion as to the source or affiliation of its products and services. Alight Solutions' use of the ALIGHT and ALIGHT SOLUTIONS marks creates the false impression that you are affiliated with Alight when you are not.

Indeed, the Examining Attorney reviewing Alight Solutions' pending application to register the ALIGHT mark has *already found* that the parties' ALIGHT marks are "identical in appearance, sound, and meaning, 'and have the potential to be used . . . in exactly the same manner'" and are likely "to engender the same connotation and overall commercial impression when considered in connection with [the parties'] respective goods and/or services." June 29, 2017 Office Action refusing App. Ser. No. 87/403,462.  "Given the similarity of the marks and the relatedness of the

Chris Michalak
Alight Solutions LLC
September 13, 2017
Page 3


goods and services," the Examining Attorney concluded, "consumers are likely to confuse the source of the [parties'] goods and services." *Id*.

Alight Solutions' use of the ALIGHT and ALIGHT SOLUTIONS mark is not only *likely* to confuse consumers, but actual confusion has already occurred. For example, there have been at least two reviews for Alight posted to the *Glassdoor* company review website by individuals who are employees or perspective employees of *Alight Solutions*, rather than *Alight*. *See* Exhibit B. If Alight Solutions' own employees are expressing confusion, then we fail to see how anyone else will be able to distinguish between the parties' respective ALIGHT and ALIGHT-formative marks.

The risk of confusion is even greater given that Alight recently entered into a strategic partnership with Caterpillar Inc. As a result of Alight's growth trajectory, it is likely that a significant number of Alight customers are or will be customers of Alight Solutions, as we understand is the case with Caterpillar. This overlap in actual and potential customers means that Alight is likely to suffer actual harm caused by Alight Solutions' adoption of its confusingly similar ALIGHT mark.

The conduct of Alight Solutions constitutes trademark infringement, false designation of origin, and unfair competition under federal and state laws, including the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a). Given the evidence of confusion that has already occurred and the existence of circumstances that will lead to additional incidents of actual confusion, we also believe that Alight is entitled to immediate injunctive relief and money damages.

Further, we find it difficult to believe that Alight Solutions was not aware of our client and its federally registered ALIGHT® mark at the time Alight Solutions adopted the ALIGHT mark. Alight Solutions could have chosen among many available marks—and it appears there were several under consideration, such as AVOKE, APTIVATE, and CONVENE. Instead, Alight Solutions chose to proceed with the ALIGHT rebranding despite its knowledge of our client's prior rights. In light of this, it appears that Alight Solutions' conduct is willful. As you may know, treble damages and the award of the trademark owner's reasonable attorney's fees are among the additional remedies available under the Lanham Act, 15 U.S.C. § 1117, for willful infringement.

In light of the above, we must insist that Alight Solutions:

- immediately and permanently cease and desist from all use of the ALIGHT and ALIGHT SOLUTIONS marks (and any term confusingly similar to Alight's ALIGHT mark);

- discontinue all use of any domain name or social media account incorporating the ALIGHT mark, including but not limited to <alight.com> and <alightsolutions.com>;

Chris Michalak
Alight Solutions LLC
September 13, 2017
Page 4

- withdraw its pending applications to register the marks ALIGHT, ALIGHT FINANCIAL SOLUTIONS and ALIGHT FINANCIAL ADVISORS, U.S. App. Ser. Nos. 87/403,462, 87/518,096, and 87/518,103.

We expect that you will act immediately to respond to these concerns on or before September 20, 2017.

If you fail to act quickly to address this matter, Alight will take the actions it deems necessary to enforce and protect its rights in the ALIGHT mark.

We trust that will not be necessary, and we look forward to hearing from you.

Very truly yours,

Davis Wright Tremaine LLP

Joseph E. Addiego III

Enclosures

cc:   Alight, Inc.
      Sheila Fox Morrison

# United States of America
## United States Patent and Trademark Office

# ALIGHT

**Reg. No. 5,062,182**
**Registered Oct. 18, 2016**
**Int. Cl.: 9, 42**
**Service Mark**
**Trademark**
**Principal Register**

ALIGHT, INC. (DELAWARE CORPORATION)
130 BATTERY STREET
SUITE 300
SAN FRANCISCO, CA 94111

CLASS 9: Computer program, namely, for business planning and financial reporting

FIRST USE 3-1-2005; IN COMMERCE 3-8-2005

CLASS 42: Software as a service (SAAS) services, featuring software for business planning and financial reporting

FIRST USE 6-24-2005; IN COMMERCE 6-25-2005

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-753,715, FILED 09-11-2015
DARRYL M SPRUILL, EXAMINING ATTORNEY



Michelle K. Lee
Director of the United States
Patent and Trademark Office

**EXHIBIT A**





## EXHIBIT B



