**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALIGHT SOLUTIONS LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:17-cv-7112 (GSF) |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| ALIGHT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER AND COUNTERCLAIM

Defendant and Counterclaimaint, Alight, Inc. ("Alight"), answers the Complaint for Declaratory Judgment of Plaintiff and Counterdefendant, Alight Solutions LLC ("Alight Solutions"), and asserts a counterclaim, as follows:

## NATURE OF THE ACTION

1.      Alight Solutions brings this declaratory judgment action in response to allegations by Defendant that Alight Solutions' use of the trademarks ALIGHT, ALIGHT SOLUTIONS, ALIGHT FINANCIAL SOLUTIONS and ALIGHT FINANCIAL ADVISORS (collectively, the "Alight Solutions Marks") conflicts and is likely to cause confusion with Defendant's use of its trademark ALIGHT and related ALIGHT-formative marks.

## ANSWER:

Alight denies the allegations contained within Paragraph 1 for lack of knowledge or information sufficient to form a belief about its truth.

2.      Defendant should not be permitted to monopolize the term "alight" where, among other things, the parties' businesses are fundamentally different, their respective consumers are

4829-3659-7075v.1 0107071-000007

highly sophisticated and engage in an in-depth procurement process prior to entering into a business relationship with either of the parties, and third parties have been using the term "alight" for financial services without giving rise to any conflict with Defendant.

**ANSWER:**

Denied.

3.     Accordingly, Alight Solutions seeks an order from this Court declaring that its use of the Alight Solutions Marks does not infringe any of Defendant's claimed rights in the trademark ALIGHT or any ALIGHT-formative marks.

**ANSWER:**

Alight admits that Alight Solutions seeks the order described in Paragraph 3, but denies that it is entitled to it.

**THE PARTIES**

4.     Plaintiff Alight Solutions is an Illinois limited liability company with its primary place of business located in Lincolnshire, Illinois.

**ANSWER:**

Alight denies the allegations contained within Paragraph 4 for lack of knowledge or information sufficient to form a belief about its truth.

5.     Upon information and belief, Defendant is a Delaware corporation located in San Francisco, California.  Upon information and belief, Defendant has directed activities at or purposefully availed itself of the privilege of conducting business in the State of Illinois.

**ANSWER:**

Alight admits that it is a Delaware corporation located in San Francisco, but denies the remaining allegations contained within Paragraph 5.

## JURISDICTION AND VENUE

6.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. § 1051 et seq.

**ANSWER:**

Admitted.

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202 because there is a substantial and concrete controversy between the parties of sufficient immediacy that warrants a declaratory judgment. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), in that this matter involves an action arising under the Lanham Act.

**ANSWER:**

Admitted.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Alight Solutions' claims occurred in this District.

**ANSWER:**

Admitted.

## FACTUAL BACKGROUND

**A.      Alight Solutions' Business and Marks**

9.      Alight Solutions provides human resources outsourcing and employee benefit administration products and services to sophisticated business clients and, by extension, those companies' employees.

**ANSWER:**

Alight denies the allegations contained within Paragraph 9 for lack of knowledge or information sufficient to form a belief about its truth.

10.     Formerly part of Aon plc, Alight Solutions has been using the name "Alight Solutions" and the trademark ALIGHT since June 6, 2017, in connection with its human resources and employee benefits outsourcing services.

**ANSWER:**

Alight denies the allegations contained within Paragraph 10 for lack of knowledge or information sufficient to form a belief about its truth.

11.     Alight Solutions has expended, and continues to expend, significant resources in connection with its ongoing rebranding effort.  For example, as part of the rebranding effort Alight Solutions developed and adopted a distinctive new stylized logo:  .  It also launched a new website for which it purchased the domain names www.alight.com and www.alightsolutions.com from third parties; both domain names now direct users to Alight Solutions' home page.  Alight also developed a distinctive black, yellow and white color scheme for its new website, as shown in the screen capture below taken from Alight Solutions' home page:



**ANSWER:**

Alight admits that the home page depicted in Paragraph 11 shows a black, yellow and white color scheme, but denies the remainder of the allegations contained within Paragraph 11 for lack of knowledge or information sufficient to form a belief about its truth.

12.    Also as part of the rebranding effort, Alight Solutions filed the following applications to register the Alight Solutions Marks in the United States:

a.    U.S. Application Serial No. 87/403,462, filed April 7, 2017, for ALIGHT, for use in class 9 for "[e]lectronic publications, namely, electronic surveys and reports in the fields of employee benefits, human resources, human capital management and employee compensation; computer software for collecting, storing, processing, transmitting and sharing data in the fields of benefit plan administration, human capital management, employee compensation and business process management and generating reports related thereto; downloadable mobile applications for use in the fields of employee administration and

management, human resources management and administration, and administration and management of employee benefit plans"; class 35 for "[o]utsourcing services in the fields of employee benefit plan administration, human capital management, employee compensation and business process management; work force management consultancy and advisory services; providing information related to work force management, employment, human resources and human capital management; consulting services in the field of employee benefit plans administration; data compiling and analyzing in the fields of employee benefits, human capital management, employee compensation, information systems and business process management; providing an Internet website portal in the fields of employee benefits, human capital management, employee compensation, information systems and business process management; conducting business research and surveys in the fields of employee benefits, human capital management, employee compensation and business process management; business consulting services regarding the design, reengineering, integration, management, administration, deployment, configuration, and operation for business transformation systems and software as a service (SAAS) systems for employee benefits, human and talent capital management, human resources, employee compensation and business processes"; class 36 for "[a]dministration and management of employee benefit plans; administration of employee benefit plans; consulting services in the fields of employee benefit and human resources communications providing information in the field of employee benefits plans, human capital management, employee compensation and business processes"; and class 42 for "[n]on-downloadable software for managing employee benefits, human capital management, employee compensation and business processes; software as a service (SAAS) for managing employee benefits, human capital management, employee compensation and business processes; providing an interactive website

featuring technology that allows users to access and synthesize information and generate reports regarding employee benefits, employee compensation and retirement planning; providing information in the field of employment and human resources via an online website; design, reengineering, integration, management, administration, deployment, consulting, configuration, and operation of SAAS systems for employee benefits, human and talent capital management, human resources, employee compensation and business processes."

b.      U.S. Application Serial No. 87/518,096, filed July 6, 2017, for ALIGHT FINANCIAL ADVISORS, for use in class 36 for "[f]inancial advisory and consultancy services in the field of employer-sponsored retirement plans; management of employer-sponsored retirement plans."

c.      U.S. Application Serial No. 87/518,103, filed July 6, 2017, for ALIGHT FINANCIAL SOLUTIONS, for use in class 36, for "[s]elf-directed brokerage services for employer-sponsored defined contribution benefit plans, namely, brokerage of investment products for defined contribution benefit plans."

**ANSWER:**

Alight denies the allegations contained within Paragraph 12 for lack of knowledge or information sufficient to form a belief about its truth.

13.     In addition, Alight Solutions obtained a registration for its ALIGHT trademark in the United Kingdom on September 1, 2017, and has filed applications to register its ALIGHT trademark in Canada, India, and Singapore.

**ANSWER:**

Alight denies the allegations contained within Paragraph 13 for lack of knowledge or information sufficient to form a belief about its truth.

B.    **Defendant's Services and Mark**

14.    Upon information and belief, Defendant offers cloud-based software as a service ("SaaS") products and services in the financial planning, forecasting, reporting, and decision-analysis areas that companies may use to make strategic business decisions.  Upon information and belief, Defendant's customers operate in the mortgage and mining industries.

**ANSWER:**

Alight admits that Paragraph 14 describes some of Alight's products and services and some of its customers, but denies that the allegations contained within Paragraph 14 constitute an exhaustive list of Alight's products and services or all of the different types of its customers.

15.    Upon information and belief, Defendant owns U.S. Registration No. 5,062,182 for ALIGHT, for use in (a) class 9 for "[c]omputer program, namely, for business planning and financial reporting," with a claimed first use in commerce date of March 3, 2005, and (b) class 42 for "[s]oftware as a service (SAAS) services, featuring software for business planning and financial reporting," with a claimed first use in commerce date of June 25, 2005.

**ANSWER:**

Admitted.

16.    Defendant depicts its ALIGHT mark in a distinctive stylized script: A L I G H T .  Defendant's website displays its stylized logo and also uses the same blue and white color scheme as is used for its logo, as shown below:



**ANSWER:**

Alight admits the allegations contained within Paragraph 16, but denies that its use of its ALIGHT mark is limited to use in stylized script or in the colors noted in Paragraph 16.

**C.    Defendant's Demand Letter**

17.    On or about September 13, 2017, Defendant sent Alight Solutions a cease-and-desist letter.    In the letter, Defendant alleged that its "current offerings include ALIGHT MORTGAGE SOLUTIONS, which is tailored to the needs of the mortgage banking industry, and ALIGHT MINING SOLUTIONS, which is directed to the global mining industry."    See September 13, 2017, letter from J. Addiego III to C. Michalak, a true and correct copy of which is attached hereto as Exhibit A, at 1.

**ANSWER:**

Admitted.

18.    Defendant's September 13th letter further alleged that "Alight Solutions' use and registration of ALIGHT, ALIGHT SOLUTIONS, and other ALIGHT-formative marks is likely

to cause significant consumer confusion as to the source or affiliation of its products and services," and that Alight Solutions use of the ALIGHT SOLUTIONS Marks "constitutes trademark infringement, false designation of origin, and unfair competition under federal and state laws, including the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a)." Ex. A at 2, 3.

**ANSWER:**

Admitted.

19.    Defendant demanded in its September 13th letter that Alight Solutions immediately and permanently cease use of its Alight Solutions Marks, withdraw its pending applications for the Alight Solutions Marks, and discontinue the use of the domain names www.alight.com and www.alightsolutions.com.

**ANSWER:**

Admitted.

20.    Defendant threatened that if Alight Solutions did not agree to Defendant's demands, Defendant would "take the actions it deems necessary to protect its rights in the ALIGHT mark."

**ANSWER:**

Admitted.

21.    Alight Solutions responded to Defendant on September 27, 2017.  In that response, Alight Solutions explained why it believes that the parties' uses of their respective marks do not give rise to a likelihood of confusion.  It also stated that it nevertheless wished to resolve the matter amicably, possibly by amending its U.S. Application Serial No. 87/403,462 to eliminate classes 9 and 42, thus addressing any concern that Defendant might have regarding its policing efforts with respect to its own registration.

**ANSWER:**

Alight admits the allegations contained within the first and second sentences of Paragraph 21. Alight further admits that Alight Solutions' September 27, 2017 response stated "Alight Solutions would be willing to consider the possibility of narrowing its pending application for ALIGHT to eliminate classes 9 and 42, which presumably would address any concern that Alight, Inc. might have with respect to its own policing efforts regarding its registration," and denies the remainder of the allegations contained within the third sentence of Paragraph 21.

**D.**  **There Is An Actual Controversy Between The Parties**

22.    As the parties' respective websites make clear, they offer very different services. Those differences are reflected in Alight Solution's federal trademark applications, on the one hand, and Defendant's federal trademark registration, on the other hand, in terms of the descriptions of their respective goods and services.

**ANSWER:**

Denied.

23.    Because of the differences between their respective logos, trade dress, and goods and services, as well as the sophistication of their corporate customers, Alight Solutions believes that the parties' respective uses of ALIGHT and ALIGHT-formative marks can coexist in the marketplace without conflict.

**ANSWER:**

Denied.

24.    This conclusion is supported by the existence of other third-party uses of ALIGHT and ALIGHT-formative marks, including (a) ALIGHT ANALYTICS and design,

, U.S. Registration No. 4,775,154, owned by Alight Analytics, for use in class

35 for "[b]usiness monitoring and consulting services, namely, tracking web sites and applications of others to provide strategy, insight, marketing, sales, operation, product design, particularly specializing in the use of analytic and statistic models for the understanding and predicting of consumers, businesses, and market trends and actions" and (b) ALIGHT CAPITAL, U.S. Application Serial No. 86/405,007, owned by Alight Capital Management LP, for use in class 36 for "[h]edge fund investment services; Financial services, namely, operation and management of a hedge fund."

**ANSWER:**

Denied.

25. Defendant's threat of legal action in its September 13th letter has given rise to uncertainty and controversy with respect to Alight Solutions' rebranding efforts and its ongoing right to use its Alight Solutions Marks. Alight Solutions seeks to resolve this dispute as promptly as possible so it can carry on its business without the hanging threat of litigation.

**ANSWER**:

Alight admits the allegations contained within the first sentence of Paragraph 25 and denies the allegations contained within the second sentence of Paragraph 25 for lack of knowledge or information sufficient to form a belief about its truth.

26. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy caused by Defendant's actions, Alight Solutions is entitled to a declaratory judgment that use of the Alight Solutions Marks does not infringe on any trademark rights Defendant might own.

**ANSWER:**

Denied.

27.     Defendant's assertion that Alight Solutions' use of the Alight Solutions Marks is an infringement of Defendant's trademark rights adversely affects Alight Solutions and unless resolved by the Court the uncertainty and controversy will continue to harm Alight Solutions.

**ANSWER:**

Denied.

### CAUSE OF ACTION
**Declaratory Judgment of No Infringement**
(28 U.S.C. §§ 2201 and 2202, and 15 U.S.C. § 1051 *et seq.*)

28.     Alight Solutions incorporates the allegations of paragraphs 1-27 as if set forth fully herein.

**ANSWER:**

Alight incorporates its responses to Paragraphs 1-27 as if set forth fully herein.

29.     Alight Solutions' services and Defendant's services are totally unrelated.  In particular, the human resources-focused services that Alight Solutions provides are wholly different from, and totally unrelated to, the financial forecasting SaaS services that Defendant provides.  Alight Solutions and Defendant also present their respective trademarks in different fonts and using different color schemes, such that the overall commercial impressions of the marks are completely different such that consumer confusion regarding their uses of their respective marks is not likely.

**ANSWER:**

Denied.

30.     Both Alight Solutions and, upon information and belief, Defendant offer their services to large, sophisticated corporate entities that use a high degree of care when selecting a provider of the types of complex customized services that Alight Solutions and Defendant each offer.  In particular, the procurement process utilized by Alight Solutions' customers and, upon

information and belief, those of Defendant may include formal requests for proposals, engagement of third party advisors, and other rigorous vetting processes. As a result, it is highly unlikely that any such customers will be confused about the source, origin, affiliation, or sponsorship of such services.

**ANSWER:**

Alight admits that it offers its services to a wide variety of customers, but denies the remaining allegations contained within Paragraph 30 for lack of knowledge or information sufficient to form a belief about its truth.

31. Furthermore, there are numerous third party uses of ALIGHT that already co-exist with Defendant's use of its ALIGHT and ALIGHT-formative marks, including uses in the financial services industry and the field of business consultation. The ability of these marks to co-exist with Defendant's ALIGHT and ALIGHT-formative marks on the federal trademark registry and in the marketplace shows that the very sophisticated corporate customers consumers of the services offered by Alight Solutions, Defendant, and others in the financial services industry will look beyond the mere use of the term ALIGHT to differentiate between these various sources.

**ANSWER:**

Denied.

32. In light of the differences between their uses of their respective marks, including the differences between their respective logos, and websites and the services for which their marks are used, and the fact that other third-party uses have co-existed and continue to co-exist with Defendant's use without conflict, it is clear that Alight Solutions' use of the Alight Solutions Marks is not likely to cause confusion or mistake as to the source or affiliation of its

products and services, or confuse consumers into believing that Alight Solutions' services are sponsored or endorsed by Defendant.

**ANSWER:**

Denied.

33.     Because Defendant has threatened to take legal action to prevent Alight Solutions from using its Alight Solutions Marks, notwithstanding the fact that Defendant cannot show the existence of a likelihood of confusion between the parties' marks on the part of relevant consumers, Alight Solutions is entitled to a declaratory judgment of non-infringement as to its Alight Solutions Marks.

**ANSWER:**

Denied.

## AFFIRMATIVE DEFENSES

Without prejudice to its denial of the allegations in Alight Solutions' Complaint, Alight states as and for its Affirmative Defenses, without waiving the obligations of Alight Solutions to prove every factual element of its claims, as follows:

### FIRST AFFIRMATIVE DEFENSE

Alight Solutions' Complaint fails to allege facts sufficient to state a claim for which relief can be granted against Alight.

### SECOND AFFIRMATIVE DEFENSE

Alight Solutions' claims are barred by waiver, estoppel, unclean hands, laches, or similar legal or equitable doctrines on the basis of Alight Solutions' bad faith adoption and use of the ALIGHT mark.

## RESERVATION OF RIGHTS

Alight presently has insufficient knowledge or information upon which to form a belief as to whether any additional affirmative defenses are available. Accordingly, Alight expressly reserves the right to amend its Answer and to add affirmative or other defenses or to delete or withdraw such defenses during the course of this litigation after a reasonable opportunity for reasonable discovery.

## COUNTERCLAIM

1. Counterclaimant, Alight, Inc. ("Counterclaimant" or "Alight"), complains against and alleges as to Counterdefendant, Alight Solutions LLC ("Counterdefendant" or "Alight Solutions"), as follows:

## NATURE OF ACTION

2. This is an action for federal trademark infringement, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and for infringement, unfair competition, injury to business reputation and deceptive trade practices involving claims arising under the Uniform Deceptive Trade Practices Act, 815 ILCS 505/1 *et seq.*, and Illinois common law.

3. This Court has original subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and has subject matter jurisdiction over the state law claims based on the principles of pendant jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

**PARTIES**

4.      Counterclaimant, Alight, Inc., is a corporation organized and existing under the laws of Delaware, having its principal place of business at 130 Battery Street, 3rd Floor, San Francisco, California, 94111.

5.      Upon information and belief, Counterdefendant, Alight Solutions LLC, is a limited liability company organized and existing under the laws of Illinois, having its principal place of business at 4 Overlook Point, Lincolnshire, IL 60069.

**ALIGHT'S BUSINESS, TRADE NAME AND TRADEMARK**

6.      Alight has been providing financial planning, forecasting, reporting, and decision-analysis application software since 2005.  Alight's cloud-based financial forecasting solutions are industry-specific, built on Alight's proprietary platform, and help customers make critical business decisions about the financial future of their businesses.  Its current offerings include ALIGHT MORTGAGE SOLUTIONS, which is tailored to the needs of the mortgage banking industry, and ALIGHT MINING SOLUTIONS, which is directed to the global mining industry. Alight will soon expand its products into a number of new industry verticals, including asset management, insurance, pharmaceutical, and many other industries.

7.      Alight offers its software predominantly in the form of non-downloadable software, also called software as a service or SAAS.

8.      Alight has used the term ALIGHT as a trade name for its business and a trademark for its goods and services since at least as early as March 1, 2005 and has devoted substantial resources to promoting and protecting the ALIGHT trade name and trademark.

9.      Alight owns U.S. Trademark Registration No. 5,062,182 for the mark ALIGHT in connection with "Computer program, namely, for business planning and financial reporting" and

with "Software as a service (SAAS) services, featuring software for business planning and financial reporting" in International Classes 9 and 42, respectively. U.S. Trademark Registration No. 5,062,182 is prima facie evidence of the validity of the ALIGHT mark, of Alight's ownership of the mark, and of Alight's exclusive right to use the registered mark in commerce in connection with the specified goods or services.

10.     The trademark rights recognized by U.S. Trademark Registration No. 5,062,182, together with Alight's common law trade name and trademark rights in the term ALIGHT, are referred to as the "ALIGHT Mark." A copy of U.S. Trademark Registration No. 5,062,182 is attached as Exhibit A.

11.     Alight often uses "alight" as an element of other marks, such as ALIGHT MORTGAGE SOLUTIONS and ALIGHT MINING SOLUTIONS.

12.     Alight owns the domain <alightinc.com> and has a website at www.alightinc.com that promotes Alight's goods and services.

13.     The ALIGHT Mark is arbitrary or fanciful with respect to the goods and services with which Alight uses it, and thus is a strong mark.

14.     As a result of Alight's use of the ALIGHT Mark—as well as the quality of the goods and services Alight sells in connection with it—the ALIGHT Mark is recognized throughout the United States, and elsewhere in the world. The consuming public has come to rely upon and look for the ALIGHT Mark to identify financial forecasting solutions from Alight. As a consequence, the ALIGHT trademark symbolizes valuable goodwill and reputation.

## ALIGHT SOLUTIONS AND ITS INFRINGING CONDUCT

15.     Alight Solutions states that it is the leader in the markets it serves; first in health and welfare administration and defined benefit administration, first in HR services and third in

defined contribution administration. It says it has 22,000 employees in 14 global centers, has 1,400 clients (including 60% of the Fortune 100 and 50% of the Fortune 500), and serves more than 19 million employees of those 1,400 clients and their 18 million family members.

16. On information and belief, the business that is now Alight Solutions was formerly the technology-enabled benefits outsourcing business of Aon plc, and was acquired from Aon in May 2017 for cash consideration of up to $4.8 billion, including $4.3 billion at closing and an additional consideration of up to $500 million based on future performance.

17. On information and belief, Alight Solutions purchased the domain <alightsolutions.com> in May 2017 and it appears that initially planned to use that domain for its business. In July 2017, Alight Solutions acquired the domain <alight.com> and then apparently decided to use that domain for its main website instead. Alight Solutions still owns the <alightsolutions.com> domain, but visitors to www.alightsolutions.com are automatically redirected to www.alight.com.

18. On information and belief, Alight Solutions began using both ALIGHT SOLUTIONS and ALIGHT as its trade names and trademarks on June 6, 2017.

19. On information and belief, Alight Solutions, its customers, and other third parties often shorten ALIGHT SOLUTIONS to ALIGHT.

20. Both Alight and Alight Solutions use the term "solutions" to describe their goods and services, so the "solutions" element of the ALIGHT SOLUTIONS mark is a descriptive term that does little to distinguish ALIGHT SOLUTIONS from ALIGHT.

21. Because the term "solutions" describe the parties' goods and services, it is likely that some consumers will mistakenly understand ALIGHT SOLUTIONS to refer to solutions that originate from Alight, and not to refer to Alight Solutions or its goods and services.

22.     Alight Solutions uses ALIGHT in connection with, and has applied to register ALIGHT for, goods and services that include non-downloadable software and software as a service (SAAS), which is the main format in which Alight offers its applications.

23.     Many of the actual and potential customers of Alight also are actual and potential customers of Alight Solutions.

24.     Alight and Alight Solutions offer their goods and services in the same channels of trade.

25.     A Trademark Examining Attorney of the United States Patent and Trademark Office has refused Alight Solutions' application to register ALIGHT, finding that it creates a likelihood of confusion with Alight's registered ALIGHT Mark.

26.     Alight Solutions also has applied to register and apparently plans to use the marks ALIGHT FINANCIAL SOLUTIONS and ALIGHT FINANCIAL ADVISORS, both of which are confusingly similar in meaning to Alight's mark ALIGHT MORTGAGE SOLUTIONS.   As Alight expands into other industry segments, such as insurance, ALIGHT FINANCIAL SOLUTIONS and ALIGHT FINANCIAL ADVISORS will be even more likely to cause confusion.

27.     On information and belief, Alight Solutions was aware of Alight and its federally-registered ALIGHT Mark when Alight Solutions adopted its ALIGHT and ALIGHT SOLUTIONS trademarks.  Alight Solutions could have chosen among many available marks and, on information and belief, seriously considered using several alternative marks instead, including AVOKE, APTIVATE, and CONVENE.   Nonetheless, Alight Solutions chose to proceed with its ALIGHT SOLUTIONS and ALIGHT rebranding despite its knowledge of Alight's prior rights.

28.     Alight Solutions' use of the trade names and trademarks ALIGHT SOLUTIONS and ALIGHT has already created substantial actual confusion with misdirected emails and other correspondence sent to Alight when the intended recipient is Alight Solutions, mistaken references in traditional and social media, calls meant for Alight Solutions going to Alight's support team, and other incidents of actual confusion happening daily, including but not limited to the following.

29.     On the Glassdoor company review site, at least two employees or prospective employees of Alight Solutions mistakenly posted their reviews of that company to Glassdoor's listing for Alight.

30.     In early October, Alight received an inquiry from G2 Crowd, Inc. asking Alight's Vice President of Marketing for a meeting at the 20th Annual HR Technology Conference & Expo 2017 that took place on October 10-13 in Las Vegas, Nevada.  Alight was not an Exhibitor at the conference, but Alight Solutions was.

31.     Alight received an inquiry from Demand-Generating.com that began "I understand that you are one of the Exhibitors" in the same Las Vegas conference and inquired whether Alight wanted to acquire lists of attendees.

32.     An article in Equipment World that quotes Alight's CEO, Michele McGovern mistakenly refers to her company as "Alight Solutions."  See https://www.equipmentworld.com/cats-autonomous-mine-truck-system-will-soon-drive-komatsu-930es/.

33.     Caterpillar Inc. mistakenly used Alight Solutions' logo to refer to Alight in a presentation that it prepared.

34.    Alight received a UPS packet containing an original 401(k) plan rollover request signed by a person who appears to be an employee of one of Alight Solutions' customers; the request form used Alight's address as the address of "Alight Solutions, Inc."

### THE HARM TO ALIGHT AND THE PUBLIC CAUSED BY ALIGHT SOLUTIONS

35.    Alight Solutions' unlawful infringement of the ALIGHT Mark has caused irreparable harm to Alight's reputation and goodwill.  Alight will continue to suffer irreparable injury to its reputation and goodwill unless Alight Solutions is enjoined from continuing the conduct complained of, which injury cannot be adequately compensated monetarily.  As long as Alight Solutions is allowed to continue the acts complained of, Alight's reputation will continue to be damaged.

36.    Upon learning of Alight Solutions' infringing activity, Alight took immediate steps to notify Alight Solutions of its infringement and to seek Alight Solutions' help in mitigating damages.  Alight Solutions refused to cooperate with Alight's requests, and instead continued to use its confusingly-similar ALIGHT SOLUTIONS and ALIGHT marks.

### FIRST CAUSE OF ACTION
### Federal Trademark Infringement
### 15 U.S.C. § 1114

37.    Alight re-alleges all preceding allegations of this Counterclaim as if stated herein.

38.    Alight Solutions has and continues to use the ALIGHT and ALIGHT SOLUTIONS trademarks in commerce in connection with the sale of goods and services that are closely related to those offered by Alight under the ALIGHT Mark.

39.    Alight Solutions' continued use of the ALIGHT and ALIGHT SOLUTIONS trademarks in connection with non-downloadable software and software as a service (SAAS) is

likely to create confusion, mistake, and/or deception among consumers, and therefore constitutes an infringement of the ALIGHT Mark pursuant to 15 U.S.C. § 1114.

40.     Alight Solutions' unauthorized and continued use of the ALIGHT and ALIGHT SOLUTIONS trademarks with full knowledge of Alight's prior rights in the ALIGHT Mark and Alight's objection to the use thereof, is willful and trades upon the goodwill built up by Alight in the ALIGHT Mark.

41.     Alight Solutions' infringement and unauthorized use of the ALIGHT and ALIGHT SOLUTIONS trademarks jeopardizes the goodwill symbolized by the ALIGHT Mark causing serious and irreparable injury to Alight, for which it has no adequate remedy at law.

42.     As a result of Alight Solutions' infringement under 15 U.S.C. § 1114, Alight has been injured and is entitled to damages, including but not limited to, Alight Solutions' profits from the sale of infringing goods and services, actual damages, treble damages, and costs of the suit. Additionally, since Alight Solutions adopted and began using the ALIGHT and ALIGHT SOLUTIONS trademarks with full knowledge of Alight's prior rights in the ALIGHT Mark, and it has continued using the ALIGHT and ALIGHT SOLUTIONS trademarks after receiving actual notice from Alight's counsel, Alight Solutions' actions have been willful and intentional, and this case should be deemed an exceptional case entitling Alight to an award of its attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### False Designation of Origin
### 15 U.S.C. § 1125(a)

43.     Alight re-alleges all preceding allegations of this Counterclaim as if stated herein.

44.    Alight Solutions has and continues to use the ALIGHT and ALIGHT SOLUTIONS trademarks in commerce in connection with the sale of goods and services that are closely related to those offered by Alight.

45.    Alight Solutions' continued use of the ALIGHT and ALIGHT SOLUTIONS trademarks in connection with non-downloadable software and software as a service (SAAS) is likely to cause confusion or mistake, and/or is likely to deceive consumers as to the affiliation, connection, or association of Alight with Alight Solutions, or as to the origin, sponsorship, or approval of Alight Solutions' goods and/or services by Alight.

46.    Such conduct by Alight Solutions constitutes trademark infringement, false designation of origin, and/or sponsorship of Alight Solutions' goods and services, and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.    Alight Solutions' infringement and unauthorized use of the ALIGHT and ALIGHT SOLUTIONS trademarks jeopardizes the goodwill symbolized by the ALIGHT Mark causing serious and irreparable injury to Alight, for which it has no adequate remedy at law.

48.    As a result of Alight Solutions' infringement under 15 U.S.C. § 1125(a), Alight has been injured and is entitled to damages, including but not limited to, Alight Solutions' profits from the sale of infringing goods and services, actual damages, treble damages, and costs of the suit. Additionally, since Alight Solutions adopted and began using the ALIGHT and ALIGHT SOLUTIONS trademarks with full knowledge of Alight's prior rights in the ALIGHT Mark, and it has continued using the ALIGHT and ALIGHT SOLUTIONS trademarks after receiving actual notice from Alight's counsel, Alight Solutions' actions have been willful and intentional, and this case should be deemed an exceptional case entitling Alight to an award of its attorneys' fees under 15 U.S.C. § 1117.

**THIRD CAUSE OF ACTION**
**Common Law Trademark Infringement and Unfair Competition**

49.     Alight re-alleges all preceding allegations of this Counterclaim as if stated herein.

50.     This claim arises under the laws of the State of Illinois.

51.     Alight Solutions willfully and knowing used, and continues to use, the ALIGHT and ALIGHT SOLUTIONS trademarks in commerce for the purpose of advertising, promoting, and selling its goods and services, which include non-downloadable software and software as a service (SAAS), to consumers in the United States without the consent of Alight.

52.     Alight Solutions' knowing and willful use of the ALIGHT and ALIGHT SOLUTIONS trademarks in connection with its unauthorized and misleading advertising, promotion, and sale of its goods and services to consumers in the United States, which include non-downloadable software and software as a service (SAAS), is likely to cause confusion, cause mistake, or deceive because it suggests that the products and services Alight Solutions is offering for sale originate from, or are sponsored, authorized, or approved by Alight, and because it suggests that the goods and services sold by Alight Solutions are the same as those sold by Alight under the ALIGHT Mark.

53.     Alight Solutions' unlawful actions and unauthorized use of the ALIGHT and ALIGHT SOLUTIONS trademarks has materially damaged the value of, and infringed on, the ALIGHT Mark.

54.     As a proximate result of Alight Solutions' actions, Alight has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

55.     Alight is also entitled to punitive damages because Alight Solutions has acted with such a conscious and deliberate disregard of the interests of others that their conduct may be called willful or wanton.

## FOURTH CAUSE OF ACTION
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

56.     Alight re-alleges all preceding allegations of this Counterclaim as if stated herein.

57.     This claim arises under the laws of the State of Illinois.

58.     Alight Solutions has engaged and is engaging in a deceptive trade practice by, in the course of its business, creating a likelihood of confusion as to the source, sponsorship, approval, or certification of the goods and services they are offering for sale to United States.

59.     Specifically, Alight Solutions' use of the ALIGHT and ALIGHT SOLUTIONS trademarks is likely to lead Alight's customers and potential customers to mistakenly conclude that Alight Solutions' goods and services originate from, or are sponsored, approved, or certified by Alight.

60.     As a proximate result of Alight Solutions' actions, Alight has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, good will, reputation, and profits in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alight prays for relief against Defendant Alight Solutions as follows:

1.     Entry of preliminary and permanent injunctions enjoining Alight Solutions and its servants, agents, employees, successors and assigns, and all persons acting in concert with them, from using in any manner the ALIGHT or ALIGHT SOLUTIONS trade name or trademark or

any other trade name or trademark confusingly similar to the ALIGHT Mark, including but not limited to use of the domain name <alight.com>;

2.      Ordering Alight Solutions to transfer to Alight the registrations for the domain names <alight.com> and <alightsolutions.com>;

3.      Ordering Alight Solutions to deliver up to Alight for destruction all goods, signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, and any other written or printed material in their possession or under their control which contain or encompass the ALIGHT or ALIGHT SOLUTIONS trade name or trademark, any colorable imitations thereof, or any marks or trade dress confusingly similar to the ALIGHT Mark;

4.      Ordering Alight Solutions to file with this Court and serve on Alight's counsel within thirty (30) days after the Court's entry of judgment, a report setting forth in detail the manner and form in which Alight Solutions has complied with Paragraphs 1 through 3 of Alight's Prayer for Relief;

5.      Awarding compensatory damages for harm sustained by Alight and profits received by Alight Solutions as a result of the acts complained of herein pursuant to federal and state law, to be trebled in accordance with 15 U.S.C. § 1117;

6.      Awarding Alight its attorneys' fees pursuant to 15 U.S.C. § 1117, and other applicable federal and state laws;

7.      Awarding Alight interest, costs, and such other relief as the Court may deem just and equitable.

**JURY DEMAND**

Alight hereby demands a trial by a jury of all issues so triable.


Dated: November 3, 2017

Respectfully submitted,

REED SMITH LLP


By: /s/ James T. Hultquist
     Attorneys for Defendant/Counterclaimant

James T. Hultquist
John A. Cullis
Joshua W. Newman
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Tel: 312-207-1000
Fax: 312-207-6400
jhultquist@reedsmith.com
jcullis@reedsmith.com
jnewman@reedsmith.com

Joseph E. Addiego III (*pro hac vice pending*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Tel: (415) 276-6515
joeaddiego@dwt.com

Sheila Fox Morrison (*pro hac vice pending*)
Steven E. Klein (*pro hac vice pending*)
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
Tel: 503.241.2300
sheilafoxmorrison@dwt.com
stevenklein@dwt.com

<u>**CERTIFICATE OF SERVICE**</u>

I, James T. Hultquist, certify that on November 3, 2017, I caused to be served Defendant and Counterclaimant, Alight, Inc.'s **ANSWER AND COUNTERCLAIM**, upon the following persons through the District Court's ECF/CM electronic filing system:

Jordan M. Heinz
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60657
Tel.: (312) 862-2000
Fax: (312) 862-2200
jordan.heinz@kirkland.com

Dale M. Cendali (*pro hac vice*)
Claudia Ray (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Fax: (212) 446-6460
dale.cendali@kirkland.com
claudia.ray@kirkland.com

*Attorneys for Alight Solutions LLC*

/s/ James T. Hultquist
Attorney for Defendant/Counterclaimant